IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| DANNIE WAYNE WEAVER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| VS. | ) ) | No. 16-1121-JDT-egb |
| TENNESSEE HIGHWAY PATROL, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

ORDER MODIFYING REPORT AND RECOMMENDATION,
DISMISSING COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Dannie Wayne Weaver, a resident of Henderson, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 24, 2016, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States Magistrate Judge Edward G. Bryant subsequently granted leave to proceed *in forma pauperis*. (ECF No. 5.) On November 15, 2016, Magistrate Judge Bryant issued a Report and Recommendation ("R&R") in which he recommended dismissing the case *sua sponte*. (ECF No. 6.) Objections to the R&R were due on or before December 2, 2016. *See* Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(d). Although Plaintiff filed a motion for appointment of counsel on November 28, 2016 (ECF No. 7), he has filed no objections to the R&R.

Plaintiff has sued the Tennessee Highway Patrol ("THP") and THP Officer Jerome Edwards; the Public Defender's Office for the 26th Judicial District of Tennessee and Assistant Public

Defender Hewitt Chatman;[1] the 26th Judicial District and Division III Circuit Court Judge Kyle C. Atkins; and the Henderson County Criminal Justice Complex ("Jail"). Plaintiff alleges that he was stopped by Defendant Edwards on Highway 22 in Lexington, Tennessee, for a seatbelt violation even though Plaintiff was wearing his seatbelt. Plaintiff further alleges that Defendant Chatman did not adequately defend him in Circuit Court and that Defendant Atkins revoked Plaintiff's bond without cause. Consequently, Plaintiff was incarcerated at the Jail, where he alleges he was not given his heart medication, causing him to have a major heart attack and suffer cardiac arrest. Plaintiff contends the actions of all the Defendants contributed to his heart attack and cardiac arrest, and he seeks unspecified compensatory damages. (ECF No. 1 at 2-3.) In the R&R, Magistrate Judge Bryant determined that Plaintiff's complaint does not state a claim against any of the Defendants under 42 U.S.C. § 1983. However, he recommended that Plaintiff be allowed an opportunity to file an amended complaint with regard to the allegations concerning his heart attack.

As to the claims against the State Defendants,[2] which are considered claims against the State of Tennessee, the Magistrate Judge correctly determined the State is not a "person" amenable to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).[3] With regard to the claims againt the Jail, which are considered claims against Henderson County, Plaintiff has failed

---

[1] This Defendant's name is spelled both "Chaptman" and "Chapman" in the complaint. (*See* ECF No. 1 at 1-2.) The correct spelling is Chatman.

[2] The State Defendants are Edwards, Chatman, and Atkins in their official capacities; and the THP, Public Defender's Office, and 26th Judicial District.

[3] Furthermore, in general and absent a waiver by the State, claims against the State in federal court are barred by the Eleventh Amendment's grant of sovereign immunity. *Welch v. Texas Dep't of Highways and Pub. Transp.*, 483 U.S. 468, 472 (1987) ("[T]he Court long ago held that the Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State.").

to allege that his injury was caused by an unconstitutional County policy or custom. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) ("[t]o demonstrate municipal liability [Alkire] must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy.").

Magistrate Judge Bryant further determined that the claims against Defendant Atkins in his individual capacity are barred by absolute judicial immunity and that the claims against Defendant Chatman are not valid because attorneys, even public defenders, do not act under color of state law when representing a defendant in criminal proceedings.

Finally, the Magistrate Judge found that Plaintiff's claims against Defendant Edwards in his individual capacity are barred by the holding of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Although Plaintiff does not expressly state that he was found guilty of a seatbelt violation, the conviction can be presumed from his allegation that Defendant Atkins revoked a prior bond as a result. Thus, unless the conviction is set aside, he has no claim against Defendant Edwards arising out of that traffic offense.

Even if Plaintiff's claims against Defendant Edwards are not barred by the specific holding of *Heck*, he still fails to state a claim for either false arrest or malicious prosecution under the Fourth Amendment. The only allegation against Defendant Edwards is that he stopped Plaintiff for a seatbelt violation even though Plaintiff was actually wearing his seatbelt. Plaintiff does not adequately allege, however, that Edwards lacked probable cause for the charge. He also does not allege that the outcome was favorable to him, *i.e.*, that the seatbelt charge was dismissed.

The Court hereby ADOPTS the R&R insofar as the Magistrate Judge determined that the complaint fails to state a claim on which relief may be granted. However, the Court declines to allow Plaintiff to file an amended complaint in this case to add new defendants or claims concerning his heart attack. Plaintiff has filed another case, *Weaver v. Henderson Co. Criminal Justice Ctr.*, No. 16-1134-JDT-egb (W.D. Tenn. filed June 1, 2016), in which he raises other medical claims. In order to avoid having similar claims by Plaintiff in two different cases, Plaintiff will be given an opportunity to raise all of his medical claims in case number 16-1134.

Accordingly, this case is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The motion for appointment of counsel is DENIED as moot.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). However, Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to dismiss

4

this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee to this Court or file a motion to proceed *in forma pauperis* and supporting affidavit directly in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE